*Copy sent TT Caidor*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAY CAIDOR,

                     Plaintiff,                  CIVIL ACTION NO.:
                                                       03-CV-1163, FJS/GLD
-v-


FEDEX HOME DELIVERY

                    Defendant.
-----------------------------------------------------------x


APPEARANCES                                          OF COUNSEL


JAY CAIDOR, Plaintiff *pro se*
206 Merriman Avenue
Syracuse, New York 13204


JACKSON LEWIS LLP                          ANTHONY J. DiORIO, ESQ.
One North Broadway, Suite 1502
White Plains, New York 10601
Attorneys for Defendant

**DiBIANCO, Magistrate Judge**

## ORDER

On April 27, 2006, the Court conducted an in person hearing on Defendant FedEx Home Delivery's letter motion, whereby Defendant sought sanctions and other relief, including dismissal of Plaintiff's Complaint, pursuant to F.R.C.P. Rule 37(d). Also before the Court was Plaintiff's cross-motion, whereby Plaintiff sought sanctions and/or a default judgment against

Defendant FedEx Home Delivery. Mr. Caidor appeared *pro se* and Mr. DiOrio appeared as the legal representative for Defendant.

The Court heard statements and arguments from both Mr. Caidor and Mr. DiOrio, regarding each of the issues brought before the Court by each party. The Court listened to both parties, inquired of both parties, and took sworn testimony from Mr. Caidor. The Court made its Findings, which were read into the Record, and furthermore, the Court requested defense counsel to submit this order for the Court to review and sign.

In light of the foregoing, the Court hereby makes the following

### FINDINGS OF FACT

1. The Court finds that Plaintiff's statements and testimony regarding his claims that he did not receive the telephone messages from Mr. DiOrio left on September 12, 2005 September 13, 2005 and September 14, 2005 are not credible. The Court finds that Mr. DiOrio had properly sent a notice of deposition to Plaintiff some six weeks before the scheduled date of deposition, and that Plaintiff never advised Mr. DiOrio that he would not appear, or that the date chosen by Mr. DiOrio was not a good date for him to appear. The Court also finds that Mr. DiOrio attempted to make at least two telephonic communications with Plaintiff on each of the aforementioned dates in order to confirm Plaintiff's scheduled deposition, and that Plaintiff unreasonably failed to respond or give notice to Mr. DiOrio that he would not appear, or otherwise seek to reschedule with Mr. DiOrio.

2. The Court also finds that Plaintiff's statements regarding his "being busy", ostensibly given as an excuse as to why he failed to appear at the scheduled deposition on September 14, 2005, to be insufficient to avoid this Court's imposition of sanctions and costs

against Plaintiff for his failure to appear at the scheduled deposition. The Court takes particular note of the fact that Plaintiff, when asked, could not give any reason why he never attempted to send a communication, letter or note to the Court or Mr. DiOrio stating that it was inconvenient or not possible for him to appear on the scheduled date for deposition. The Court also takes particular note that Plaintiff, when asked, could not give any reason why he was "unable" to leave a message with Mr. DiOrio, or the Court, or otherwise speak to Mr. DiOrio, or the Court, about the scheduled deposition date.

    3.    Based upon the foregoing, the Court finds that, as to Defendant's request for relief against Plaintiff, there exists sound basis in fact to grant Defendant's request for sanctions and costs against *pro se* Plaintiff, Jay Caidor. Mr. DiOrio is hereby directed to prepare an affidavit, setting forth the costs, fees and expenses incurred by Defendant FedEx Home Delivery. The Court shall review the affidavit submitted by Mr. DiOrio to make a determination as to the amount of sanctions and/or costs this Court shall impose against Mr. Caidor. The other relief requested by Defendant (dismissal of Plaintiff's complaint) is denied at this time.

    4.    The Court finds that Plaintiff Jay Caidor's application for sanctions and/or costs against Defendant FedEx Home Delivery, along with his request for any other type of relief, including but not limited to relief under F.R.C.P. Rule 37, as pertains to Defendant's motion, Plaintiff's cross-motion, or otherwise, is hereby **denied** as being unsupported by the record.

    5.    The Court finds that Plaintiff Jay Caidor's application for a default judgment against Defendant FedEx Home Delivery is likewise **denied** as being unsupported by the record.

GJD { *and a willingness to appear in White Plains, New York, to be deposed*

6. The Court finds that Plaintiff indicated in open Court a desire to continue with this litigation. The Court finds that, based upon the improper conduct exhibited by Plaintiff as heretofore described, Plaintiff is hereby ordered to appear at the offices of Mr. DiOrio, located in White Plains, New York, in order to give his pre-trial testimony at deposition.

7. The Court will take under advisement the Plaintiff's request, likewise made in open Court, to take the deposition of the two individuals which Plaintiff improperly attempted to serve notices of deposition upon on or about February 14, 2005. Notwithstanding the fact that the Court has not yet ruled on Plaintiff's request, and that Mr. DiOrio has objected to Plaintiff's untimely request to take these depositions, Mr. DiOrio is directed to determine whether either or both of the individuals (Christopher Ross and Janice Carter), are still employed by Defendant FedEx Home Delivery or otherwise under said Defendant's control. Mr. DiOrio shall advise the Court upon his filing of the proposed Order and supporting affidavit for costs/sanctions.

8. The Court finds that all written discovery between the parties is completed as of April 27, 2006. The Court orders that neither party shall serve any discovery requests upon the other side, except for as specifically provided for in this Order. Further, as to any discovery requests which were improperly served by Plaintiff after the Court's last in person conference (May 5, 2005), such requests are deemed nullities and Defendant is not obligated to respond to any such requests which were not served in accordance with the Court's order from the May 5, 2005 hearing.

9. The Court also finds that discovery should be extended, in the interests of justice, to June 30, 2006, solely for the purposes of Defendant taking Plaintiff's deposition in

White Plains, New York, and possibly Plaintiff taking the depositions of the two named individuals, depending on the Court's ruling.

10. The Court hereby extends the motion filing date to August 30, 2006. All motions by either party are to be filed with this Court, and served upon the adversary, no later than August 30, 2006.

In light of the foregoing Findings of Fact, and upon the due considerations of this Honorable Court, the following is hereby

### ORDERED, ADJUDGED AND DECREED

The Court hereby **GRANTS** the motion made by Defendant FedEx Home Delivery, to the extent of granting its motion for sanctions and costs against Plaintiff Jay Caidor, for his willful failure to appear for deposition on September 14, 2005, and in all other respects, Defendant FedEx Home Delivery's motion is **DENIED**, and

Further, based upon the affidavit of Anthony J. DiOrio, dated May 4, 2006, submitted in proof of the costs, fees and expenses incurred by Defendant FedEx Home Delivery as a direct result of Plaintiff's failure to appear, this Court hereby awards the sum of $ 200.00 in sanctions, and the sum of $ 2,891.25 * in costs to Defendant GTD FedEx Home Delivery, to be paid directly by Plaintiff Jay Caidor. Plaintiff is hereby **ORDERED** to make payment of the total sum of $ 3,091.25 to counsel for Defendant GTD FedEx Home Delivery, no later than ~~fifteen (15)~~ thirty (30) days after service of this Order upon Plaintiff by GTD counsel for Defendant. In the event payment by Plaintiff is not made within said ~~fifteen (15)~~ thirty 30) day GTD period, Defendant may apply for and obtain a Judgment, and any execution thereon, without first giving notice to Plaintiff of such application and upon the submission by counsel for Defendant

\* 2,891.25 is the total of
9/14/06 — 3 hrs @ $210./hr = $630.
9/19/06 — 4.7 hrs @ $210/hr = $987.
10/24/06 — 3 hrs @ $210/hr = 630
Expenses 9/13 – 9/14/06        644.25
                              ─────────
                              2,891.25   /GTD

to the Clerk of this Court an affidavit attesting to the failure of Plaintiff to make payment of said sanctions and costs, and further

The Court hereby **ORDERS** Plaintiff Jay Caidor to appear at the offices of Jackson Lewis, LLP, One North Broadway, Suite 1502, White Plains, New York 10601 on the 8th day of May, 2006, at 12:00 P.M. (Noon) to submit to pre-trial deposition; and further

The Court hereby (~~GRANTS~~ / **DENIES**) Plaintiff Jay Caidor's request to take the pre-trial depositions of Defendant's employees, to wit: Christopher Ross and Janice Carter. *[handwritten: On the basis of untimeliness — GJD]*

The Court hereby **ORDERS** that neither party shall serve any further written discovery on the other party, and that all issues regarding written discovery between the parties are hereby closed; and further

The Court hereby **ORDERS** that discovery is extended in this matter, solely for purposes of taking any Court ordered pre-trial depositions, to June 30, 2006; and further

The Court hereby **ORDERS** that the motion schedule is hereby extended to August 30, 2006; and further

The Court hereby **DENIES** Plaintiff Jay Caidor's application for sanctions and/or costs against Defendant FedEx Home Delivery, along with his request for any other type of relief, including but not limited to relief under F.R.C.P. Rule 37, as such application is unsupported by the record; and further

The Court hereby **DENIES** Plaintiff Jay Caidor's application for default judgment against Defendant FedEx Home Delivery, as such application is unsupported by the record.

Dated  
May 26 '06  
Syracuse, N.Y.

Gustave J. DiBianco  
U.S. Magistrate Judge