UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY CAIDOR,

                                      Plaintiff,

                v.                                      5:03-CV-1163
                                                              (FJS/GJD)

FED-EX HOME DELIVERY,

                                      Defendant.
_____

**APPEARANCES**                                         **OF COUNSEL**

**JAY CAIDOR**
Syracuse, New York 13204
Plaintiff *pro se*

**JACKSON LEWIS LLP**                           **ANTHONY J. DIORIO, ESQ.**
One North Broadway, Suite 1502
White Plains, New York 10601
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Defendant's application for judgment regarding the Court's award of costs and sanctions against Plaintiff pursuant to Rule 37(d) of the Federal Rules of Civil Procedure and Plaintiff's motion to stay proceedings in this action pending his appeal from the Court's March 7, 2007 Order.

### II. BACKGROUND

      On March 7, 2007, this Court issued an Order, denying Plaintiff's appeal from Magistrate

Judge DiBianco's May 26, 2006 Order, affirming that Order, and instructing Plaintiff to make payment of the total sum of $3,091.25 pursuant to Rule 37(d) to Defendant's counsel within thirty days. *See* March 7, 2007 Order at 3. The Court also advised Plaintiff that, if he did

> not make payment within the thirty (30) day time period, Defendant [could] apply for and obtain a Judgment, and any execution thereon, without first giving notice to Plaintiff of such application and upon Defendant's counsel's submission to the Clerk of the Court of an affidavit attesting to Plaintiff's failure to make a payment of said sanctions and costs.

*See id.* at 3-4.

In a letter dated April 10, 2007, Plaintiff requested that the Court "stay . . . all proceedings pending disposition of plaintiff [sic] appeal to the 2nd Circuit of appeal [sic] of the March 7, 2007 judgment order." *See* Dkt. No. 65.[1] In support of his request for a stay, Plaintiff asserted that he

> believes he can succeed on appeal to the 2nd Circuit Court of Appeal [sic] and seeks to stay the remand order entered on March 7, 2007. Plaintiff is likely to prevail on the appeal. Plaintiff has met and has strong showing of likely success requires [sic] as threshold inquiry under Rule 37 of the Federal Rules of Civil Procedure. A [sic] a stay is in the public interest. And, I will suffer irreparable injury absent of [sic] stay.

*See id.*

In addition, Plaintiff noted that "[o]n April 9 2007 [he] receive [sic] a summary Judgment motion from Defendant attorney Anthony J. Diorio, dated April 5. 2007. Plaintiff prose [sic] can't handle both the appeal and summary judgment at the same time." *See id.*

By letter dated April 11, 2007, Defendant opposed Plaintiff's request for an emergency

---

[1] Plaintiff filed his Notice of Appeal on April 3, 2007. *See* Dkt. No. 61.

stay. *See* Dkt. No. 66. In support of its position, Defendant asserted, among other things, that "what *pro se* Plaintiff fails to appreciate is that Your Honor's order dated March 7, 2007 is simply not appealable. 28 U.S.C. § 1291." *See id.* at 1. In addition, Defendant contended that "[t]he issue of whether or not this Court properly imposed costs and sanctions against Mr. Caidor under Rule 37(d) has nothing to do with whether or not there are any triable issues sufficient to deny summary judgment and permit Mr. Caidor to have a full trial on the merits." *See id.* at 2. Finally, Defendant noted that "[t]he issues brought before this Court on FedEx's summary judgment motion are the same, regardless of whether or not Mr. Caidor owes costs and sanctions to FedEx for his failure to attend discovery." *See id.* at 3.

On April 16, 2007, the Court received Defendant's "application for Judgment against Plaintiff Jay Caidor." *See* Letter dated April 13, 2007. In his affidavit in support of that application, Defendant's counsel stated that

> Plaintiff has not voluntarily made any payment of the aforementioned amount to Defendant. In fact, instead of making payment, on or about April 3, 2007, Plaintiff filed a so called 'notice of appeal' in this court, whereby he seeks to take an interlocutory appeal of this order to the Second Circuit Court of Appeals.

*See* Affidavit of Anthony J. DiOrio, sworn to April 13, 2007, at ¶ 4 (footnote omitted).

Defendant's counsel also noted that,

> [i]n several telephone conferences with Mr. Caidor since the Court issued its March 7, 2007 order, Mr. Caidor indicated that he did not believe that he had to pay the judgment because he was in the process of filing an appeal from that Order (even though he has not sought to stay the execution of the judgment nor sought to file a *supersedeas* bond).

*See id.* at ¶ 5.

On April 17, 2007, this Court denied Plaintiff's request to stay further proceedings pending his appeal of this Court's March 7, 2007 Order. *See* Dkt. No. 67. However, the Court provided Plaintiff with additional time in which to file papers in opposition to Defendant's motion for summary judgment. *See id.*

By letter dated April 23, 2007, Plaintiff, once again, moved for "an order staying all proceedings to execute or enforce the judgment entered in this action pending disposition of Plaintiff's appeal to the United States Court of Appeal [sic] for the 2nd Circuit." *See* Dkt. No. 68. In his affidavit in support of his motion, Plaintiff mischaracterized the Court's March 7, 2007 Order as a "judgment order." *See* Affidavit of Jay Caidor, sworn to April 23, 2007, at ¶¶ 4-5. He also asserted that a stay is appropriate because he had "a valid and meritorious case an [sic] appeal." *See id.* at ¶ 6. Specifically, Plaintiff contended that

> the Order erred to which I am appealing is a discovery judgment for failure to attend plaintiff [sic] first deposition. Plaintiff confer [sic] with defendant regarding the scheduling [sic] the deposition date and did not agree with the date. Defendant failed to reschedule the date. No previous order was made for the deposition that would require sanctions from a prose [sic] litigant. Defendant denied plaintiff a deposition & request or respond to his discoveries request in bad faith. Defendant & Attorney failed to cooperate and confer with plaintiff prose [sic] to reschedule the deposition prior to contacting the court per Local NDNY & FRCP Rules. Plaintiff had the deposition after both parties agree, during a court hearing, to a schedule [sic] deposition at Attorney office and Defendant & attorney did not have additional preparation cost, expense and fees. Defendant & Attorney should not profit from an employment discrimination law suits [sic], nor should Defendant profit from a poor pro se litigant.

*See id.*

Finally, Plaintiff claimed that he could not respond to both the appeal and Defendant's

summary judgment motion, *see id.* at ¶ 7, and that he "w[ould] suffer irreparable injury absent of [sic] stay," *see id.* at ¶ 9.

In his affidavit in opposition to Plaintiff's motion, Defendant's counsel noted that the Court denied Plaintiff's April 11, 2007 request for a stay, *see* Affidavit of Anthony J. DiOrio in opposition to Plaintiff's April 23, 2007 Motion, sworn to May 4, 2007, at ¶ 4, and that "[i]t appear[ed] that Plaintiff s[ought] the identical relief in [his April 23, 2007 motion] as he sought in his original motion of April 11, 2007," *see id.* at ¶ 5 (footnote omitted). Moreover, Defendant's counsel asserted that Defendant had the same objections to this motion as it had to Plaintiff's original request for a stay. *See id.* at ¶ 11.

### III. DISCUSSION

**A.    Plaintiff's motion for a stay**

Although not denoted as such, Plaintiff's current motion for an emergency stay pending resolution of his appeal is nothing more than a motion asking this Court to reconsider its previous decision regarding this issue.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

> any order or other form of decision, however designated, which
> adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties shall not terminate the action as to any of
> the claims or parties, and the order or other form of decision is
> subject to revision at any time before the entry of judgment
> adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b).

However, the Second Circuit has limited district courts' reconsideration of earlier

decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 332 F.3d 147, 167 (2d Cir. 2003) (quotation omitted). Thus, the Second Circuit has held that "'those decisions may not usually be changed unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."'" *Id.* (quotation omitted).

Plaintiff has not identified any reason why the Court should reconsider its earlier decision denying his request for a stay. Moreover, the issue of sanctions and costs for his failure to appear at his deposition has no bearing on the issues that Defendant raises in its motion for summary judgment. Accordingly, the Court denies Plaintiff's motion.

**B.     Defendant's application for a judgment regarding the awarded costs and sanctions**

Magistrate Judge DiBianco issued his May 26, 2006 Order after he conducted an in-person hearing regarding Defendant's letter motion seeking sanctions and other relief, including dismissal of Plaintiff's complaint, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure and Plaintiff's cross-motion for sanctions and/or a default judgment against Defendant. *See* May 26, 2006 Order at 1-2. At that hearing, Magistrate Judge DiBianco "heard statements and arguments from both Mr. Caidor and Mr. DiOrio . . . and took sworn testimony from Mr. Caidor." *See id.* at 2. At the conclusion of the hearing, Magistrate Judge DiBianco made several findings of fact, including the following:

>1. "Plaintiff's statements and testimony regarding his claims that he did not receive the telephone messages from Mr. DiOrio left on September 12, 2005[,] September 13, 2005[,] and September 14, 2005[,] are not credible." *See* May 26, 2006 Order at Findings of Fact at ¶ 1.
>
>2. "Mr. DiOrio had properly sent a notice of deposition to Plaintiff some six weeks before the scheduled date of deposition, and . . . Plaintiff never advised Mr. DiOrio that he would not appear, or that the date chosen by Mr. DiOrio was not a good date for him to appear." *See id.*
>
>3. "Mr. DiOrio attempted to make at least two telephonic communications with Plaintiff on each of the aforementioned dates in order to confirm Plaintiff's scheduled deposition, and . . . Plaintiff unreasonably failed to respond or give notice to Mr. DiOrio that he would not appear, or otherwise seek to reschedule with Mr. DiOrio." *See id.*
>
>4. "Plaintiff's statements regarding his 'being busy', ostensibly given as an excuse as to why he failed to appear at the scheduled deposition on September 14, 2005, [are] insufficient to avoid this Court's imposition of sanctions and costs against Plaintiff for his failure to appear at the scheduled deposition." *See id.* at ¶ 2.
>
>5. "Plaintiff, when asked, could not give any reason why he never attempted to send a communication, letter or note to the Court or Mr. DiOrio stating that it was inconvenient or not possible for him to appear on the scheduled date for deposition. . . . Plaintiff, when asked, could not give any reason why he was 'unable' to leave a message with Mr. DiOrio, or the Court, or otherwise speak to Mr. DiOrio, or the Court, about the scheduled deposition date." *See id.*

Based upon these findings, Magistrate Judge DiBianco concluded that "there exists sound basis in fact to grant Defendant's request for sanctions and costs against *pro se* Plaintiff, Jay Caidor." *See id.* at ¶ 3. Therefore, "based upon the affidavit of Anthony J. DiOrio, dated May 4, 2006, submitted in proof of costs, fees and expenses incurred by Defendant FedEx Home Delivery as a direct result of Plaintiff's failure to appear," *see* May 26, 2006 Order at 5,

Magistrate Judge DiBianco "award[ed] the sum of $200.00 in sanctions, and the sum of $2,891.25 in costs to Defendant FedEx Home Delivery, to be paid directly by Plaintiff Jay Caidor." *See id.* Furthermore, Magistrate Judge DiBianco ordered Plaintiff "to make payment of the total sum of $3,091.25 to counsel for Defendant FedEx Home Delivery, no later than thirty (30) days after service of this Order upon Plaintiff by counsel for Defendant." *See id.* Finally, he advised Plaintiff that, if he did

> not [make payment] within said thirty (30) day period, Defendant [could] apply for and obtain a Judgment, and any execution thereon, without first giving notice to Plaintiff of such application and upon the submission by counsel for Defendant to the Clerk of this Court an affidavit attesting to the failure of Plaintiff to make payment of said sanctions and costs . . . .

*See id.* at 5-6.

Plaintiff filed objections to Magistrate Judge DiBianco's Order, which this Court "carefully reviewed" and found "to be without merit." *See* Order dated March 7, 2007, at 3. The Court explained that

> [n]one of Magistrate Judge DiBianco's rulings were clearly erroneous or contrary to law. To the contrary, all of Magistrate Judge DiBianco's conclusions comported with the applicable legal standards, and he was well within his discretion . . . to award Defendant costs and sanctions based upon his finding that Plaintiff willfully failed to appear at the September 14, 2005 deposition . . . .

*See id.*

Therefore, the Court instructed Plaintiff that, "if he [had] not already done so, [he] shall make payment of the total sum of **$3,091.25** to Defendant's counsel **within thirty (30) days of the date of this Order**." *See id.* The Court also warned Plaintiff that, if he did not make the required payment, Defendant could "apply for and obtain a Judgment, and any execution thereon,

without first giving notice to Plaintiff of such application and upon Defendant's counsel's submission to the Clerk of the Court of an affidavit attesting to Plaintiff's failure to make payment of said sanctions and costs." *See id.* at 3-4. As noted, Plaintiff has filed a Notice of Appeal from the Court's March 7, 2007 Order. *See* Dkt. No. 61.

Generally, "'[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999) (quoting *United States v. Rodgers*, 101 F.3d 237, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982))). Moreover, "[t]he district court does not regain jurisdiction until issuance of the mandate by the court of appeals." *Id.* (citation omitted). This "divestiture of jurisdiction, however, is not 'automatic' and instead is 'guided by concerns of efficiency . . . .'" *Id.* (quotation omitted). Therefore, in certain circumstances, "the filing of an appeal does not divest the district court of jurisdiction. For example, the district court retains jurisdiction if the filing of the notice of appeal was from a non-appealable order." *Id.* (citations omitted). Finally, "appellate jurisdiction is defined by statute and 'generally is limited to appeals from final judgments of the district court pursuant to 28 U.S.C. § 1291 and from certain interlocutory orders pursuant to 28 U.S.C. § 1292.'" *Id.* (quotation omitted).

The Court's March 7, 2007 Order, from which Plaintiff appealed, is not a "judgment" or a final decision because it does not dispose of all claims and all parties in this action. Rather, the March 7, 2007 Order is an interlocutory decision, to which 28 U.S.C. § 1292 applies. This section provides, in pertinent part, that

>   the courts of appeals shall have jurisdiction of appeals from:
>
>   (1) Interlocutory orders of the district courts of the United States, . . . or of the judges thereof, granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, . . .
>
>   (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, . . .
>
>   (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases . . . .

28 U.S.C. § 1292(a).

The Court's March 7, 2007 Order does not fit into any of the categories listed in § 1292(a). Thus, it is clear that this Order is a non-appealable order and, therefore, this Court retains jurisdiction over this matter despite Plaintiff's appeal and may consider Defendant's application for a judgment.

Since Plaintiff did not comply with this Court's March 7, 2007 Order to "make payment of the total sum of **$3,091.25** to Defendant's counsel **within thirty (30) days of the date of this Order,**" *see* Order dated March 7, 2007, at 3, and Defendant has complied with the Court's instructions regarding the application for entry of a judgment, the Court grants said application.

### IV. CONCLUSION

After carefully reviewing the parties' submissions and the relevant law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to stay the proceedings in this action pending the

-10-

resolution of his appeal is **DENIED**; and the Court further

**ORDERS** that Defendant's application for entry of a judgment with respect to the Court's award of costs and sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendant against Plaintiff in the amount of **Three Thousand Ninety One and 25/100 Dollars ($3,091.25)**, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure;[2] and the Court further

**ORDERS** that Defendant may seek execution on this Judgement without further notice to Plaintiff; and the Court further

**ORDERS** that post-judgment interest at the statutory rate shall accrue from the date of entry of this Judgment and continue until such time as Plaintiff pays the Judgment in full.

**IT IS SO ORDERED.**

Dated: September 10, 2007
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] This Judgment regarding sanctions and costs is **not** a final judgment in this case.